Good morning. May it please the court. My name is Steve Ellis. I represent the petitioner, Victor Martinez. I'd like to reserve two minutes of my time for a bottle. Sure. The entire line of cases, beginning with Taylor and continuing through Shepard and his progeny, is designed to serve a single purpose, which is to separate between aggravated felonies, truly serious crimes, murder, rape, armed robbery, and from other conduct, which is still criminal but less serious. Mr. Martinez, in this matter, did not commit an aggravated felony. He was convicted for an act of shoplifting. Well, no, he was convicted of burglary, wasn't he? He was convicted under California's burglary statute. Okay, well, let's get the nomenclature right. He was convicted of second-degree burglary. He wasn't convicted of shoplifting or spitting on the sidewalk or anything. He was convicted of burglary. That's correct, Your Honor, and that's why I said it was for an act of shoplifting, which comes within California's unusually broad burglary statute, which does not require evidence of an unlawful entry or breaking in or doing anything like that. If you walk into a retail store when it's open to the public with the intention of committing shoplifting, taking merchandise without paying for it, you are, you can be convicted under California's unusually broad burglary statute. Where is the proof of how that crime was, how this burglary was committed? There's, let me answer it in two ways, Your Honor. First, it is in the record in Mr. Martinez's brief to the BIA. He was representing himself pro se, and he does describe the circumstances of the offense on pages 16 and 18 of the record. Is that anything we can consider in terms of what the offense is? I think you can, Your Honor, given that he was representing himself. Not the court record, not the plea colloquy, not the probation report, but we can consider what Mr. Martinez wrote to the BIA? Well, Your Honor, that actually gets to the second point, if I could just jump ahead to that point, which is that it's the government's burden here to show that this particular offense was generic burglary under Taylor and Shepard. And the government's proof is limited. Under Shepard, basically two things or three things, the charging documents, a plea colloquy, a written plea agreement, or some similar judicial record of the circumstances. That is absent in this case. The government did not satisfy its burden before the IJ or the BIA, proving by clear and convincing evidence that Mr. Martinez committed a generic burglary offense. So what the government did prove is they came up with a charging document. They came up with the information. They came up with an abstract of conviction saying that he was convicted. Correct. And why isn't that enough? Well, it's not enough under two cases that we've cited. In our briefs, we cited the Malta-Espinoza case. That case stands for the proposition that surplusage in an indictment or an information is not admitted by the plea. This was classic surplusage. An unlawful entry is not an element of the offense charge 459, Penal Code 459. It's not an element. If the government had gone to trial, they wouldn't have had to prove that element of an unlawful entry. There would have been no jury instruction regarding an unlawful entry. And by pleading guilty, Mr. Martinez was pleading only to the essential elements of the offense. That's what Malta-Espinoza holds. And on a practical level, that just makes sense. When you plead guilty as a defendant, you're not trying to serve as a copy editor for the DA's office. You are pleading to the essential elements of the offense. The other case I mentioned we filed in our 28J letter, which is the Snellenberger case. And that case holds that the combination of the charging document and an abstract of judgment is not enough to show generic burglary under 459. And what does that do to Velasco Medina? I think, as the Court's pretty clear in saying, it undermines Velasco Medina. Velasco Medina was decided before Shepard. Shepard, between Taylor, which arose in a context of a case that had gone to trial, and Shepard, there were 15 years of intermediate court decisions by this Court and courts across the country in which they were struggling with how to apply Shepard in the plea context. Velasco Medina is a 2002 decision by this Court. In 2005, the Supreme Court says there's been a lot of confusion about this exact issue, how to apply Taylor in the plea context, and we are going to tell you how to do it. And so Shepard is a watershed event in this area of the law. And under, I think under Malta-Espinosa and certainly under Snellenberger, there's a recognition that the Velasco Medina decision, which was pre-Shepard, is no longer good law. Assuming we agreed with you and said that Shepard superseded Velasco Medina and, in fact, there wasn't enough evidence in the record, what's the appropriate remedy then? Is it a remand to the BIA? Yes, Your Honor. Yes, Your Honor. That's what we're asking for. And for the BIA to apply Shepard to the record? Yes. Yes, Your Honor. That would be step one. We believe that the government would not be able to show that there was a generic perjury offense and therefore they would have to, the government would have to proceed to the next step, which is to determine his eligibility for discretionary relief. And would we get, if we remanded on that basis, would we need to decide the equal protection claim? No, Your Honor. Because? Those are independent routes to get to the same result. The equal protection argument, which was also discussed in our briefs, is sort of, it's an independent. The equal protection argument doesn't arise if he's not convicted, if he's not been convicted of an aggravated felony. Because then there's no need to apply for the 212C relief. Well, he would be eligible. He would be eligible to apply for it. Yes. Because there's no aggravated felony. Okay. If there's nothing else at this time, I'd like to reserve my remaining time for rebuttal. Sure. Thanks, Mr. Ellis. Thank you. Good morning. May it please the Court, Arthur Raven for the government. Good morning. In this particular case, you're right, we don't have to get to the equal protection question unless we get through the question of whether or not this particular petitioner was convicted of an aggravated felony. Turning to that issue, there are two cases in this circuit that are controlling. Either case addressed the other other than peripherally. That is, the case the government briefed was Velasco, Medina, which is controlling, on point. It is directly, factually controlling. Everything that happened materially there happened here. Then Snellenberger came out this summer. And in Snellenberger, this Court said the particular documents used, the abstract of judgment and the information are not, in conjunction, good enough to withstand, under the Supreme Court's recent 2005 ruling in Shepard, are good enough to demonstrate to this Court what the petitioner admitted were the generic facts of his plea were. So this panel then is put in the unenviable position of having to choose between two basically guiding precedents of this. Well, not actually. We do have the en banc opinion in U.S. v. Vidal, which would take precedence over if there were a conflict in our prior law that we would look to. And that seems to run counter to your argument. You're familiar with Vidal? Not yet. It's the en banc decision from, I guess, this file in October 2007. And it talks about what the judicially noticeable documents are in the context of a guilty plea, which were the complaint and the written plea and waiver. But held that was insufficient because the judgment must, if they plead to, if you want to find that they plead to all of the elements of the offense, the plea must contain the critical phrase, as charged in the information or indictment. And that was an en banc decision. So that's really our controlling. Yes, Your Honor. The only thing I'd love to know is if there is still another en banc decision pending, and that's going to be in Snowenberger. Recently both parties in that case briefed this specific issue. En banc review has not been granted yet, is that right? Well, the court ordered parties to brief en banc review. Whether it should be. Be granted or not has not been decided. Where we are right now is we've got the Vidal case that Judge Wardlaw alluded to. So, you know, at this point then the government's hands are tied, because if this court chooses to go the route of Snowenberger, it appears that this court has basically held that the act, well, the information, the facts contained in the information, and then the defendant, the petitioner, when he's a defendant in criminal court, his act of pleading guilty to that information, appears, of course, that that is not sufficient for him to confirm the factual allegations in the complaint, sufficient under the Supreme Court precedent in Shepard. So at that point, you know. It's not your fault. It's not your fault. Tell your bosses. You know, that's all we've got, though, other than if this court chooses to hear en banc Snowenberger and then may decide not to go the route of Vidal or somehow distinguish. Right. Thanks. Subject to this court's questions. Thank you, Mr. Raven. Mr. Ellis. Your Honor, I actually don't have much to add from what I said earlier. I'd be happy to answer questions about the equal protection or the issue preclusion issues. But on the point of issue preclusion, our point is simple that the law has changed so much that it's no longer the same issue. If you have no questions, I'll be happy to sit down. Thank you, Mr. Ellis. And thank you also for taking the case. I know you took this on a pro bono basis, and we, all three of us, appreciate that very much. Thank you, too, Mr. Raven. And the case has started. You may submit. 0655660, Walzak v. San Bernardino County. Each side will have 20 minutes.
judges: Silverman, Wardlaw, Ikuta